UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENIER RENE AYERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HENRY RICHARDS, *et al*,<br><br>　　　　　Defendants. | Case No.  C06-5264RBL-KLS<br><br>ORDER REGARDING AGREED MOTION FOR ENTRY OF ORDER ON PLAINTIFF'S MOTION TO CONDUCT NON-STENOGRAPHIC DEPOSITIONS |

　　　　This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on the parties' filing of an agreed motion for entry of an order on plaintiff's motion to conduct non-stenographic depositions. (Dkt. #40).  After reviewing the parties' motion and the balance of the record, the Court grants that motion to the following extent:

　　　　(1)  Plaintiff's request to take oral depositions by non-stenographic means is granted.  Any such depositions performed by plaintiff shall take place at or near the Washington State Department of Social and Health Services' ("DSHS") Special Commitment Center ("SCC").  Defendants shall provide an appropriate room to conduct the deposition.

　　　　(2)  Defendants shall make available a person authorized to administer oaths by the laws of the United States or of the place where the deposition is held. See Federal Rule of Civil Procedure 28(a).  That person may then vacate the deposition.  Defendants' counsel shall operate three tape recorders, to be

1   provided by defendants' counsel, to produce three original recordings of the deposition.

2   (3) Plaintiff shall provide cassette tapes both for his own and the Court's copies of the deposition.
3   Defendants counsel shall provide cassette tapes for defendants' own use. Defendants also may arrange for
4   stenographic transcription of the deposition at their own expense.

5   (4) At the end of the deposition, the plastic tab(s) on each original cassette shall be removed to
6   prevent the tape from being erased or recorded on a second time.

7   (5) At the end of the deposition, the original tape(s) provided by plaintiff for the Court's copy of
8   the deposition shall be placed in an envelope, sealed, and signed by the parties. This tape recording shall be
9   delivered in its sealed state to the Clerk for filing with the Court record.

10   (6) If the testimony from any deposition is to be used by either party in a motion, pleading or any
11   aspect of the trial, the party proposing to use that testimony must supply the Court with a written transcript
12   of the relevant portions of the deposition.

13   (7) A transcript of the deposition shall not be filed with the Court unless it is to be used by a party
14   in a motion, pleading, or trial of this matter. A transcript of the deposition, in whole or in part, shall not be
15   filed with the Court, unless the deponent has had the opportunity to review and make any changes or
16   corrections he or she deems necessary.

17   (8) Any challenge to the accuracy or trustworthiness of a transcript filed by a party can be raised in
18   an objection served and filed by the opposing party in a responsive brief or appropriate and timely motion.

19   (9) If the recording is of poor quality and the Court cannot understand the tape and transcription,
20   the recorded deposition shall not be utilized by either party for any purpose.

21   The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

22   DATED this 13th day of April, 2007.

Karen L. Strombom
United States Magistrate Judge